IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **EASTLAND FOOD CORPORATION,** | * * * | |
| Plaintiff, | * * | Civ. No.: MJM-24-2728 |
| v. | * * | |
| **THAINEST CORPORATION CO., LTD.,** | * * | |
| Defendant. | * * | |

* * * * * * * * * *

## MEMORANDUM

Plaintiff Eastland Food Corporation ("Plaintiff"), a Maryland-based corporation, filed this action on September 23, 2024, against Thainest Corporation Co., Ltd. ("Defendant"), a Thai company, seeking confirmation of an arbitration award issued in Plaintiff's favor following a contractual dispute concerning defective product shipments. ECF No. 1. Defendant has failed to appear or to respond to this suit. Plaintiff filed a motion for default judgment, which attached a sworn declaration and several exhibits in support. ECF No. 8. This Court construed this motion as one for entry of default and granted the motion. ECF No. 9. The Clerk entered a default, ECF No. 10, and issued notice to Defendant, ECF No. 11. Thereafter, Plaintiff filed a renewed motion for default judgment, ECF No. 12, which is hereby granted.

The Fourth Circuit "recognize[s] a 'strong policy that cases be decided on the merits[.]'" *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)). "However, default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). A defendant's default must be entered when

the defendant fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). If the plaintiff's claim against the defaulting defendant is not for a sum certain or ascertainable through computation, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). When reviewing a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations "support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

"If the court finds that liability is established, it must then turn to the determination of damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing *Ryan*, 253 F.3d at 780–81.) "The court may rely on 'detailed affidavits or documentary evidence to determine the appropriate sum' of damages." *Dominion Fin. Servs., LLC v. Pavlovsky*, 673 F. Supp. 3d 727, 741 (D. Md. 2023) (citation omitted). Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

The Complaint filed in this matter (ECF No. 1) and the declaration and exhibits attached to Plaintiff's initial motion for default judgment (ECF No. 8) establish that (1) the parties proceeded to arbitration concerning a dispute over a distribution agreement; (2) the arbitrator issued an award against Defendant and in favor of Plaintiff in the total amount of $407,365.17, plus interest on the restitution amount of $284,533.87 at a rate of 10% per annum from August 21, 2024; and (3) Plaintiff incurred $4,797.50 in attorney fees and $963.85 in costs prosecuting the instant case. Plaintiff is entitled to judicial confirmation of the arbitration award under Md. Code. Ann., Cts. & Jud. Proc. § 3-227. This Court has jurisdiction to confirm the arbitration award

2

pursuant to 28 U.S.C. § 1332. Therefore, Plaintiff's motion for default judgment, ECF No. 12, shall be granted.

A separate Order of Judgment shall issue.

 _11/24/25_                                          ___/S/_____
Date                                                    Matthew J. Maddox
                                                       United States District Judge